IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIPUL CHAUDHARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:25-cv-576-BL-SMD |
| v. | ) | |
| | ) | |
| DIRECTOR OF U.S. CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 25, 2025, pro se Plaintiff Vipul Chaudhari ("Chaudhari") filed a complaint against the Director of U.S. Citizenship and Immigration Services ("USCIS"). Compl. (Doc. 1). On February 6, 2026, USCIS filed a Motion to Dismiss Chaudhari's complaint. Mot. (Doc. 19). The undersigned entered an order (Doc. 21) directing Chaudhari to show cause, if any there be, why the motion should not be granted. The undersigned afforded Chaudhari until March 2, 2026, to file his response. Order (Doc. 21). Despite receiving the Order, Chaudhari did not file a response. Return Receipt Card (Doc. 23). On May 12, 2026, the undersigned entered an order (Doc. 24) directing Chaudhari to show cause, if any there be, why this case should not be dismissed for failure to prosecute and/or abide by Court orders. Chaudhari received this order on May 16, 2026. Return Receipt Card (Doc. 26).

As of today, Chaudhari has not filed a response opposing USCIS's motion to dismiss or to the undersigned's order directing him to show cause why this case should not be dismissed for failure to prosecute and/or abide by Court orders.. The time for doing so

has passed. Further, it does not appear that Chaudhari has taken any action in this case since August 21, 2025, when he filed a letter with the Court regarding service materials. Letter (Doc. 7).

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the plaintiff fails to prosecute or to comply with procedural rules or an order of the court. FED. R. CIV. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal with prejudice is a severe sanction that is appropriate only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

Here, dismissal is appropriate as Chaudhari has been provided more than a reasonable opportunity to prosecute this action. In addition to Chaudhari's failure to respond to USCIS's motion to dismiss and the Court's orders, Chaudhari has taken no action of any kind in this matter for more than nine months, indicating to the undersigned that he has abandoned prosecution. As such, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Chaudhari's complaint be DISMISSED for failure to prosecute and abide by Court orders and that Defendants' Motion to Dismiss (Doc. 19) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 23, 2026**. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of June, 2026.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE